United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD WARD, JR., | No. C-06-1446 MMC |
|     Petitioner, | **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND; DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS; DIRECTIONS TO CLERK** |
|   v. | |
| CITY OF SAN JOSE, et al., | |
|     Respondents / | |

Before the Court is petitioner Ronald Ward, Jr.'s application to proceed in forma pauperis and his petition for a writ of habeas corpus, both filed February 27, 2006.

Pursuant to 28 U.S.C. § 1915(e), where a petitioner seeks to proceed in forma pauperis, the district court must dismiss the case if the district court determines the petitioner has failed to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). Having reviewed the petition, the Court finds petitioner, for three separate reasons, has failed to state a claim for relief.

First, a district court has jurisdiction over a petition for a writ of habeas corpus only if the petitioner is "in custody" at the time the petition is filed. See Chaker v. Crogan, 428 F. 3d 1215, 1219 (9th Cir. 2005). A petitioner who is on parole at the time of filing is considered to be "in custody," see, Goldyn v. Hayes, 436 F. 3d 1104, 1105 n.1 (9th Cir. 2006), as is a petitioner on probation, see Chaker, 428 F.3d at 1219. Here, petitioner does

not allege that on February 27, 2006, the date he filed the instant petition, he was physically incarcerated, on parole, on probation, or otherwise in custody. Because the petition lacks such allegation, the petition is subject to dismissal for lack of jurisdiction.

Second, a petition must "specify all the grounds for relief available to the petitioner," and must "state the facts supporting each ground" as well as "the relief requested." See Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the [respondent] should be ordered to 'show cause why the writ should not be granted.'" Mayle v. Felix, 125 S. Ct. 2562, 2570 (2005) (quoting 28 U.S.C. § 2243); see also McFarland v. Scott, 512 U.S. 849, 856 (1994) (referring to Rule 2(c) as a "heightened pleading requirement"). Here, in the portion of the form petition titled "Statement of Claim," petitioner states: "Claim of over confinement in prison via misjudgment of one year of state time against total confinement of (7) years 8 months by way of jury trial Sept. 1998 and probation violation court Feb. 7th 2001. Judgment was rules violation only." (See Petition, Statement of Claim.) Petitioner has not, however, set forth a factual basis for such claim with the particularity required by Rule 2(c)(2).[1] Moreover, petitioner left blank the portion of the form petition titled "Relief," and, consequently, has failed to "state the relief requested," as required by Rule 2(c)(3). Consequently, the petition is subject to dismissal for failure to comply with Rule 2(c).

Finally, a petitioner must name as the respondent "the state officer having custody of him." See Smith v. Idaho, 392 F. 3d 350, 354 (9th Cir. 2004). Although the proper respondent is "typically [ ] the warden of the facility in which the petitioner is incarcerated," see id., where a petitioner is on probation or parole, the proper respondents are "the

---

[1] Petitioner has attached to the petition certain exhibits consisting of undated documents that may have been filed in the Santa Clara Superior Court, correspondence between petitioner and the Prison Law Office, and filings made in connection with a 2005 parole revocation hearing. Arguably, petitioner may be asserting he was subject to "over confinement" as a result of a decision made in 2005 by the Board of Parole Hearings. If this is petitioner's theory, petitioner has not included any facts to support such theory in the petition, as is required by Rule 2(c)(2). Nor is the factual basis for any such theory apparent from the exhibits.

2

1 particular probation or parole officer responsible for supervising the [petitioner], and the
2 official in charge of the parole or probation agency or the state correctional agency, as
3 appropriate." See Rule 2 of the Rules Governing Section 2254 Cases in the United States
4 District Courts, Advisory Committee Notes (1976 Adoption).  If a petitioner fails to name a
5 proper respondent, the district court "may not grant effective relief, and thus should not
6 hear the case unless the petition is amended to name a respondent who can grant the
7 desired relief."  See Smith, 392 F. 3d at 355 n.3.  Here, petitioner has not named any "state
8 officer having custody of him," i.e, a person, but, rather, has named state and local
9 government entities.  Consequently, the petition is subject to dismissal for failure to name a
10 proper respondent.  See id.

11 Each of the deficiencies identified above is capable of being cured by the filing of a
12 First Amended Petition, specifically, by petitioner's including in a First Amended Petition
13 (1) facts to indicate he was in custody on February 27, 2006, (2) sufficient facts to support
14 his claim of "over confinement" and a statement of the relief he seeks from the district
15 court, and (3) the name of the person(s) who have custody of him.

16 Accordingly, the Court will dismiss the petition with leave to amend to cure the
17 deficiencies identified above.  Further, because the petition will be dismissed, petitioner's
18 application to proceed in forma pauperis will be denied as moot.[2]  In the event petitioner
19 files a First Amended Petition, petitioner may refile an application to proceed in forma
20 pauperis.

21 **CONCLUSION**

22 For the reasons stated above, the petition for a writ of habeas corpus is hereby
23 DISMISSED with leave to amend.  The application to proceed in forma pauperis is hereby
24 DENIED as moot, without prejudice to refiling if petitioner files a First Amended Petition.
25 //

---

27 [2]Additionally, the Court observes that the application filed by petitioner on February 27, 2006 is incomplete because petitioner fails to state the amount of money he has received from the government sources that he acknowledges have made monetary payments to him in the past 12 months.

3

1    The Clerk of the Court is DIRECTED to enclose with this order a blank form Petition for a Writ of Habeas Corpus.  Further, because it is unclear whether petitioner is currently incarcerated, the Clerk shall enclose both a blank Prisoner's Application to Proceed in Forma Pauperis and a blank Application to Proceed in Forma Pauperis (Non-Prisoner Cases).

    With respect to the filing of a First Amended Petition, the Court hereby ORDERS as follows:

    1. No later than **thirty (30) days** after the date of the filing of this order, petitioner may file with the Clerk of the Court a First Amended Petition to correct the deficiencies identified above.  Petitioner shall include on the first page of the petition the case number of this action (No. C 06-1446 MMC), and shall write on the first page the phrase "FIRST AMENDED PETITION."  If petitioner does not file a First Amended Petition by the required date, the Court will dismiss the action without prejudice and without further leave to amend.

    2. If petitioner files a First Amended Petition, the First Amended Petition will supersede the original petition.  The First Amended Petition may not incorporate by reference any parts of the original petition, meaning that petitioner must include in the First Amended Petition all of the allegations and claims he wishes to present, and must attach thereto any copies of any exhibits he wishes to bring to the Court's attention.

    It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

    **IT IS SO ORDERED.**

Dated: March 14, 2006

MAXINE M. CHESNEY
United States District Judge

4