United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8      IN THE UNITED STATES DISTRICT COURT

9      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   RONALD WARD, JR.,                          No. C-06-1446 MMC

12            Petitioner,                       **ORDER DISMISSING FIRST AMENDED
                                                PETITION; DENYING AS MOOT
13      v.                                      APPLICATION TO PROCEED IN FORMA
                                                PAUPERIS**
14   CITY OF SAN JOSE, et al.,

15            Respondents
                                          /
16

17         Before the Court is petitioner Ronald Ward, Jr.'s application to proceed in forma

18   pauperis and his First Amended Petition ("FAP"), both filed April 11, 2006.

19         Pursuant to 28 U.S.C. § 1915(e), where a petitioner seeks to proceed in forma

20   pauperis, the district court must dismiss the case if the district court determines the

21   petitioner has failed to state a claim upon which relief can be granted.  See 28 U.S.C.

22   § 1915(e)(2)(B)(ii).  Having reviewed the FAP, in which petitioner seeks a writ of habeas

23   corpus, the Court finds petitioner has failed to state a claim upon which relief can be

24   granted.

25         By order filed March 14, 2006, the Court dismissed the initial petition because

26   petitioner failed to allege he was "in custody" when he filed the petition.  See Chaker v.

27   Crogan, 428 F. 3d 1215, 1219 (9th Cir. 2005) (holding district court lacks jurisdiction over

28   petition where petitioner not "in custody" when petition filed).  The Court granted petitioner

leave to allege "facts to indicate he was in custody on February 27, 2006," the date he filed the initial petition.  (See Order Dismissing Petition for Writ of Habeas Corpus With Leave to Amend at 3:13.)  In his FAP, petitioner fails to include any such facts, and, indeed, alleges that he is "not in custody."  (See FAP at 2.)  Consequently, the Court lacks jurisdiction over the FAP.

Additionally, in its March 14, 2006 order, the Court dismissed the initial petition because petitioner had failed to name as a respondent "the state officer having custody of him."  See Smith v. Idaho, 392 F. 3d 350, 354 (9th Cir. 2004).  The Court granted petitioner leave to allege "the name of the person(s) who have custody of [petitioner]."  (See Order Dismissing Petition for Writ of Habeas Corpus With Leave to Amend at 3:15.)  In his FAP, petitioner fails to allege the name of any such individual.  Consequently, the FAP is subject to dismissal for failure to allege a proper respondent.  See Smith, 392 F. 2d at at 355 n.3 (holding district court may not hear petition where petitioner fails to amend to name respondent who could grant relief requested).

In sum, petitioner has failed to cure deficiencies identified by the Court in its March 14, 2006 order.  There being no indication that further leave to amend would enable petitioner to cure the above-referenced deficiencies, the Court will dismiss the FAP, without further leave to amend.  Additionally, because the FAP will be dismissed, petitioner's application to proceed in forma pauperis will be denied as moot.

**CONCLUSION**

For the reasons stated above, the FAP is hereby DISMISSED, without leave to amend.  The application to proceed in forma pauperis is hereby DENIED as moot.

**IT IS SO ORDERED.**

Dated: April 14, 2006

MAXINE M. CHESNEY
United States District Judge